# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:23-CV-003-KDB-DCK

| | |
|---|---|
| ERIC KARCHMER, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   **ORDER** |
| | ) |
| APPALACHIAN STATE UNIVERSITY, and SHERI EVERTS, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Amend Claim…" (Document No. 28). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, and in consultation with the chambers of the Honorable Kenneth D. Bell, the undersigned will grant the motion to amend and direct that the pending motions to dismiss and remand be denied as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to support the denial of the instant motion. Moreover, Defendants have filed a response stating that "[t]o the extent Plaintiff wishes to abandon his due process claims, Defendants do not object." (Document No. 31, p. 4).

After careful consideration of the record and the motion, the undersigned finds that *pro se* Plaintiff's motion to amend should be granted. Furthermore, the undersigned will direct that "Defendants' Motion To Dismiss Petition For Judicial Review And Complaint" (Document No. 10) and "Plaintiff's Request To Remand Case To Watauga Superior Court" (Document No. 22) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended

complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

This Order is without prejudice to the parties filing renewed motions to remand or dismiss if appropriate. However, the undersigned respectfully encourages the parties to confer in an attempt to reach a resolution without further intervention from this Court.

It appears that the crux of this action is a claim brought pursuant to a North Carolina statute and only involves parties located in Watauga County, North Carolina. If the Amended Complaint, as forecast, lacks either a federal question, or the requisite amount in controversy and diversity of the parties, this Court may decline to exercise supplemental jurisdiction. See 28 U.S.C. §§ 1331, 1332, and 1367.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Amend Claim…" (Document No. 28 ) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **July 25, 2023**.[1]

**IT IS FURTHER ORDERED** that "Defendants' Motion To Dismiss Petition For Judicial Review And Complaint" (Document No. 10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Plaintiff's Request To Remand Case To Watauga Superior Court" (Document No. 22) is **DENIED AS MOOT**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff at eikarchmer@gmail.com and by certified U.S. Mail.

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

3

**SO ORDERED**.

Signed: July 13, 2023

David C. Keesler
United States Magistrate Judge