IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-003-KDB-DCK

| | |
|---|---|
| ERIC KARCHMER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  MEMORANDUM AND |
| | )  RECOMMENDATION |
| APPALACHIAN STATE UNIVERSITY, and SHERI EVERTS, | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Remand Amended Complaint To Watauga Superior Court" (Document No. 37) and "Defendants' Motion To Dismiss Amended Complaint And Petition For Judicial Review" (Document No. 38). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to remand be <u>granted</u> and the motion to dismiss be <u>denied</u> as moot.

## I. BACKGROUND

Plaintiff Eric Karchmer ("Plaintiff" or "Karchmer") initiated this action with the filing of a "Petition For Judicial Review And Complaint" (Document No. 1-3) ("Complaint") in Watauga County Superior Court on December 7, 2022, against Defendants Appalachian State University and Sheri Everts ("Everts"), the Chancellor of Appalachian State University (collectively, "Defendants").[1] Defendants subsequently removed the case to this court, filing a "Notice Of

---

[1] Notably, Plaintiff was initially represented by counsel. However, the undersigned permitted Plaintiff's former attorney to withdraw on April 3, 2023. See (Document No. 21). Plaintiff has since proceeded *pro se* in this case.

Removal" (Document No. 1) on January 11, 2023. Defendants contended in their "Notice Of Removal" that removal was proper because "Karchmer's complaint alleges violations of federal law" under 28 U.S.C. § 1331. (Document No. 1, p. 2).

The case arises out of claims that Plaintiff was improperly denied tenure as a professor of anthropology at Appalachian State University. See (Document No. 1-3). Plaintiff alleges that he "was a tenure track assistant professor in the Department of Anthropology at Appalachian State University for the academic calendar years 2013-2021." Id. at p. 1. Plaintiff contends that he requested promotion and tenure in fall 2019. Id. at p. 2.

The first step in the tenure application process involved the Department of Anthropology "form[ing] a Promotion and Tenure Committee comprised of five tenured professors in the Department of Anthropology and task[ing] them with evaluating Plaintiff's application." Id. "Shortly before the [D]epartment's Promotion and Tenure Committee was scheduled to make its final assessment of Plaintiff's application, [Department] Chair Smith made a false allegation of academic fraud against Plaintiff to [College of Arts and Sciences] Dean Specht." Id. The allegation of academic fraud was that Plaintiff had misrepresented "the status of his in-progress book manuscript in his promotion and tenure application." Id. Allegedly, upon receipt of this information from Chair Smith, Dean Specht "did not follow the required procedures of Appalachian State University with respect to allegations of academic fraud against faculty members." Id. "Instead, she…accused Plaintiff [in a meeting between Plaintiff, herself, and Chair Smith] of academic fraud and secretly recorded the meeting." Id.

Nonetheless, the Promotion and Tenure Committee "unanimously recommended Plaintiff's promotion and tenure." Id. "Prior to the vote, Plaintiff spoke directly to the Committee,

as permitted by the Faculty Handbook, to clarify the status of his in-progress book manuscript," the subject of the allegations of academic fraud. Id.

The second step in the promotion and tenure application process was for the department chair to deliver a recommendation to the dean. Id.; see also (Document No. 39, p. 5). Apparently, while "Chair Smith delivered the unanimous [favorable] recommendation of the department's Promotion and Tenure Committee to Dean Specht," he went to "great lengths to disparage Plaintiff with false, misleading and inaccurate statements about his teaching, scholarship, and service as an assistant professor." (Document No. 1-3, p. 2).

The third and final step in the promotion and tenure application process was for the dean to make a recommendation to the university's provost. Id. at p. 3; see also (Document No. 39, p. 5). In making her recommendation to the provost that Plaintiff not be promoted or given tenure, the dean "disregarded the evaluations of" the Promotion and Tenure Committee, "accused Plaintiff of having committed academic fraud without providing the neutral forum for investigating this charge as guaranteed in [the] Faculty Handbook," "relied on the prejudicial views of Chair Smith in justifying her decision," and thus relied on Chair Smith's "personal malice" toward Plaintiff. (Document No. 1-3, p. 3).

The provost "denied Plaintiff's application for promotion and tenure" based upon the dean's recommendation. Id. Plaintiff thus was not "re-appointed to his position at Appalachian State University in 2021." Id.

Following this three-step process that resulted in Plaintiff not being promoted to a position with tenure, "Plaintiff challenged the University's decision through the grievance procedures laid out in the Appalachian State University Faculty Handbook and University of North Carolina Code." Id. Ultimately, the Faculty Grievance Hearing Committee found that "Chair Smith had

3

acted out of personal malice…in recommending against and otherwise undermining Plaintiff's application" and "Dean Specht had committed material procedural errors." Id. "The Faculty Grievance Hearing Committee recommended to the Chancellor that Appalachian State University either award Plaintiff promotion and tenure or allow Plaintiff to reapply without Chair Smith and Dean Specht participating in the process." Id. at p. 4.

Plaintiff alleges that in violation of relevant procedural rules, the provost – instead of the Chancellor who was required to respond according to the relevant regulation – "responded to the Faculty Grievance Hearing Committee's report and rejected its recommendations." Id. "Plaintiff [then] appealed the Provost's decision to Chancellor Everts, who rejected [Plaintiff's appeal]," joining the Provost in finding against Plaintiff – again, allegedly in violation of relevant procedural requirements. Id. The Board of Trustees similarly "voted to uphold…the Chancellor's decision" that was adverse to Plaintiff despite additional alleged procedural violations at this stage of the appeal. Id. at p. 5.

Plaintiff's original Complaint contained two claims: (1) a petition for judicial review pursuant to N.C. Gen. Stat. § 150B-43; and (2) a denial of due process claim. See id. However, Plaintiff later sought to amend his complaint, which the Court permitted on July 13, 2023. See (Document No. 34). The Court's order permitting Plaintiff to file an amended complaint mooted "Defendants' Motion To Dismiss Petition For Judicial Review And Complaint" (Document No. 10) and "Plaintiff's Request To Remand Case To Watauga Superior Court" (Document No. 22). See id. Plaintiff filed his "Amended Complaint Petition For Judicial Review" (Document No. 36) ("Amended Complaint") on July 25, 2023. Plaintiff's Amended Complaint contains only one claim: for "petition for judicial review." (Document No. 36, pp. 5-6). Thus, the Amended

4

Complaint removes the "due process" claim contained in the original Complaint and which seems to be the basis for Defendants' removal of this action to federal court. See (Document No. 1-3).

Plaintiff filed his "Motion To Remand Amended Complaint To Watauga Superior Court" (Document No. 37) on July 25, 2023. Defendants filed their "Response To Plaintiff's Motion To Remand" (Document No. 40) on August 3, 3023. "Defendants' Motion To Dismiss Amended Complaint And Petition For Judicial Review" (Document No. 38) and "Memorandum Of Law In Support Of Defendants' Motion To Dismiss Amended Complaint And Petition For Judicial Review" (Document No. 39) were filed the same day. Plaintiff filed his "Response To Defendants' Motion To Dismiss Amended Complaint And Response To Defendants' Opposition To Motion To Remand" (Document No. 41) on August 14, 2023. Defendants filed their "Reply" (Document No. 42) in support of their motion to dismiss on August 21, 2023.

The pending motions have been fully briefed and are ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II. STANDARD OF REVIEW

"The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded." UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp., 3:09-CV-184-RJC-DSC, 665 F. Supp. 2d 528, 532 (W.D.N.C. 2009) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. Am. Postal Workers Union, 192 F. 3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999)). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Id.

"If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). A defendant can remove "any civil action

brought in a State court of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004); and Rose v. SLM Fin. Corp., 2007 WL 674319, at *1 (W.D.N.C. Feb. 28, 2007) ("[a] defendant is entitled to remove a case brought in state court to federal court if the plaintiff could have brought it in federal court originally as a civil action 'arising under' federal laws" (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manuf., 545 U.S. 308, 312 (2005))). Original jurisdiction exists in federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see Franchise Tax Bd. of California v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 27-28 (1983) ("Congress has given the lower federal courts jurisdiction to hear…only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). District courts "must strictly construe removal jurisdiction" since it "raises significant federalism concerns." Mulcahey, 29 F.3d at 151.

### III. DISCUSSION

Plaintiff argues that the case should be remanded to state court because "[t]he Amended Complaint has only a single claim, the Petition for Judicial Review, outlined in Article 4 of state statute 150B." (Document No. 37, p. 2). "Since this petition no longer has a federal level claim, there is no need for the Court to exercise jurisdiction over this case." Id. Defendant, on the other hand, contends that "considerations of judicial economy, convenience, and fairness to the parties all weigh in favor of this Court's exercise of jurisdiction over Plaintiff's state law claim." (Document No. 40, p. 3).

The Court notes that it put the parties on notice in the Order permitting Plaintiff to file an Amended Complaint that remand might be appropriate: "[i]t appears that the crux of this action is a claim brought pursuant to a North Carolina statute and only involves parties located in Watauga County, North Carolina. If the Amended Complaint, as forecast, lacks either a federal question, or the requisite amount in controversy and diversity of the parties, this Court may decline to exercise supplemental jurisdiction." (Document No. 34, p. 3) (citing 28 U.S.C. §§ 1331, 1332, and 1367). Indeed, while the Court acknowledges that remand is not *required*, courts have discretion to remand when federal law claims drop out of the litigation and only state law claims remain. See Dominion Healthcare Servs., Inc. v. Value Options, Inc., 2009 WL 580326, at *5 (M.D.N.C. Mar. 5, 2009) ("subject matter jurisdiction is not divested from a district court when the federal claims are deleted from the complaint after removal…[n]evertheless, a district court may decline to continue to exercise its supplemental jurisdiction to remand the case to the state court in which the action was initially filed" (citing Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004)).

The undersigned will respectfully recommend that this case be remanded. "At this stage in the action, the various state-law issues raised by the parties are more appropriately left to the state court to decide, particularly in view of the fact that Plaintiff is a resident of North Carolina." Dominion Healthcare Servs., Inc., 2009 WL 580326, at *5 (remanding case to state court). Similarly, there is no complete diversity among the parties. Id. This case involves only issues that are unique to state law and the system by which judicial review of the administrative process takes place. Furthermore, no discovery has taken place, and thus the balance of the factors of "judicial economy, fairness, and comity" weighs in favor of remand. See Carnegie-Mellon Univ. v. Cohill,

7

484 U.S. 343, 350-51 (1988). Therefore, the undersigned will respectfully recommend that Plaintiff's motion to remand this case be granted.[2]

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion To Remand Amended Complaint To Watauga Superior Court" (Document No. 37) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendants' Motion To Dismiss Amended Complaint And Petition For Judicial Review" (Document No. 38) be **DENIED as moot**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

---

[2] The undersigned acknowledges that Defendants make an alternative argument against remand: that remand would be futile because Plaintiff did not file his original complaint in state court timely. See (Document No. 40, p. 3). As Plaintiff points out, the relevant state statute contains a carve-out to the 30-day statute of limitations that indicates "[f]or good cause shown, however, the superior court may accept an untimely petition." N.C. Gen. Stat. § 150B-45(a). The undersigned will respectfully recommend that the statute of limitations issue be left to the state court to decide and to articulate whether "good cause" has been shown here by Plaintiff.

8

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: September 25, 2023

David C. Keesler
United States Magistrate Judge